## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-21-0458 |
| ELIAS NICK COSTIANES, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court are Defendant's Motion to Suppress Statements and Motion to

Dismiss Indictment or Alternatively to Suppress Evidence Seized at Search.  (ECF Nos. 25, 37-2.)

The Court held a Motions Hearing on May 23, 2022.  For the reasons noted below and in open

court, Defendant's Motion to Suppress Statements, (ECF No. 25),[1] will be granted in part and

denied in part and Defendant's Motion to Dismiss Indictment or Alternatively to Suppress

Evidence Seized at Search, (ECF No. 37-2), will be denied.

Defendant argues that his arrest and the search of his home were in violation of 28 C.F.R.

50.10(f)(2), which provides that:

> No member of the Department [of Justice] shall seek a warrant for an arrest, or
> conduct an arrest, of a member of the news media for any offense that he or she is
> suspected of having committed in the course of, or arising out of, newsgathering
> activities without first providing notice to the Director of the Office of Public
> Affairs and obtaining the express authorization of the Attorney General.

Even assuming Defendant is a member of the news media engaged in newsgathering

activities—facts the parties dispute—the regulation explicitly does not create any enforceable

right. *See* 28 C.F.R. § 50.10(j) ("This policy is not intended to, and does not, create any right or

---

[1] Defendant supplemented this Motion in ECF No. 37-4.  Because Defendant presented identical arguments in ECF
No. 37-2, the Court will not separately address ECF No. 37-4.

benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person."); 28 C.F.R. § 50.10(i) ("Failure to obtain the prior approval of the Attorney General, as required by this policy, may constitute grounds for an administrative reprimand or other appropriate disciplinary action."). As the Fourth Circuit has explained, this regulation "is of the kind to be enforced internally by a government department, and not by courts through exclusion of evidence." *See In re Shain*, 978 F.2d 850, 854 (4th Cir. 1992) (citing *United States v. Caceres,* 440 U.S. 741 (1979)); *see also In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1153 (D.C. Cir. 2006) ("The guidelines, not required by any constitutional or statutory provision [ ] exist to guide the Department's exercise of its discretion in determining whether and when to seek the issuance of subpoenas to reporters, not to confer substantive or procedural benefits upon individual media personnel.").

Further, the Defendant does not suggest that his First Amendment rights were independently violated, and his purported status as a member of the press does not immunize him from criminal prosecution. *See, e.g., Branzburg v. Hayes*, 408 U.S. 665, 691 (1972) (explaining that the First Amendment does not, "in the interest of securing news or otherwise, confer[] a license on either the reporter or his news sources to violate valid criminal laws. Although stealing documents or private wiretapping could provide newsworthy information, neither reporter nor source is immune from conviction for such conduct, whatever the impact on the flow of news"); *United States v. Matthews*, 209 F.3d 338, 344 (4th Cir. 2000) (citing *Cohen v. Cowles Media Co.*, 501 U.S. 663, 669 (1991)) ("The Supreme Court has expressly instructed that 'generally applicable laws do not offend the First Amendment simply because their enforcement against the press has

incidental effects on its ability to gather and report the news.'").

Accordingly, it is ORDERED that:

1. Defendant's Motion to Suppress Statements (ECF No. 25) is GRANTED IN PART and

   DENIED IN PART.

   a. It is granted only insofar as it seeks to suppress the February 17, 2021 statement "I

      take something." It is denied in all other respects.

2. Defendant's Motion to Dismiss Indictment or Alternatively to Suppress Evidence Seized

   at Search (ECF No. 37-2) is DENIED.

DATED this 25 day of May, 2022.

BY THE COURT:

James K. Bredar
Chief Judge
