IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| **v.** | : | Case No. JKB-21-458 |
| | : | |
| **ELIAS COSTIANES** | : | |
| | : | |
| **Defendant** | : | |

**MOTION FOR LEAVE TO FILE A PUBLICLY AVAILABLE REDACTED VERSION OF THE DEFENSE SENTENICNG MEMORANDUM AND TO SEAL EXHIBITS A, C, D, AND E**

Comes now Elias Costianes, the Defendant, by and through Andrew R. Szekely and Paresh Patel, Assistant Federal Public Defenders, and hereby moves, pursuant to Local Rule 207.2, to seal portions of his sentencing memorandum and certain exhibits to the memorandum (ECF No.131) and for leave to file a redacted, publicly available sentencing memorandum.

On September 13, 2024, Mr. Costianes filed a motion seeking to seal his sentencing memorandum and its exhibits. ECF No. 130. On September 17, 2024, the Court denied Mr. Costianes' order without prejudice and directed counsel to file a new Motion to Seal. ECF No. 134.

Mr. Costianes is not renewing the motion to seal the entire memorandum and all exhibits. Rather, counsel now moves to submit on the public docket a redacted version of the sentencing memorandum as attached, and moves to seal Exhibits A, C, D, and E to his sentencing memorandum in their entirety. Mr. Costianes has no objection to unsealing Exhibit B.

**LEGAL STANDARD**

Local Rule 207.2 provides:

> Any post-arrest motion seeking the sealing of filings other than charging documents shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide

1

sufficient protection. The Court will rule on such motion after sufficient time has passed to permit the filing of objections. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw or redact the materials.

When deciding whether to seal or otherwise restrict access to judicial documents, courts must balance competing interests.

> On one hand, 'the Supreme Court [has] recognized a common law right to inspect and copy judicial records and documents, *In re. Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). However, '[t]his right of access to court records is not absolute,' and '[t]he trial court . . . may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.' *See id.*"

*United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018).

In *Harris*, the Fourth Circuit reversed the district court's denial of a request to restrict public access to the defendant's sentencing memorandum, "which contained private and personal details about Harris and his wife and child, as well as photographs," and directed to the district court to allow Mr. Harris to file portions of his sentencing memorandum under seal that identified his family."

In so holding, the *Harris* court explained that "Courts have recognized that an interest in protecting the physical and psychological well-being of individuals related to the litigation, including family members and particularly minors, may justify restricting access. . . ." Consistent with this interest, Local Rule 213 mandates the confidentiality of presentence reports, designating them as a "confidential internal court document to which the public has no right of access."

In addition to the family information in *Harris*, this Court has held that psychiatric reports are also properly sealed because they "contain[] significant personal, medical, and identifying details not otherwise public." *Doe v. Darden Restaurants, Inc.*, ___ F.Supp.3d ___, 2024 WL

2881121 (D.Md. 2024). *See also Taylor v. Wexford Health Sources, Inc*, ___ F.Supp.3d ___, 2024 WL 2978782 (S.D.W.Va. 2024) (holding that sealing plaintiff-inmate's medical records in a suit against a jail health services provider was proper because the plaintiff had a compelling interest in maintaining the privacy of his medical records that substantially outweighed the public's interest in accessing those exhibits).

**ARGUMENT**

Mr. Costianes' redacted sentencing memorandum comports with the Local Rule as well as other authority. The portions of the sentencing memorandum Mr. Costianes seeks to seal address two areas: his mental heath and a disabled family member's care needs.

As to the former, the redacted portions in the memorandum address Mr. Costianes' diagnosis and medication regimen or quote from a neuropsychological examination. *Doe* and *Taylor*, both support redacting these portions of the sentencing memorandum.

As to the latter, the memorandum details diagnosis and daily care needs of a disabled family member of Mr. Costianes'. This family member's health information should be sealed pursuant to *Doe* and *Taylor*; and details of the family member's care routine should be placed under seal pursuant to *Harris*.

Turning to the exhibits, Exhibit A is the full neuropsychological report referenced above. It should be sealed as a medical record. Redactions to this exhibit are not practicable because the entire exhibit consists if protected mental health information. Likewise, Exhibit C, which are medical records, should be sealed and redactions would be impracticable.

Exhibit B is the *curriculum vitae* of Dr. Jonathan DeRight, who conducted the examination. Mr. Costianes has no objection to this exhibit being unsealed.

Exhibit D is an email from Mr. Costianes to counsel detailing his care routine for his disabled family member and should be sealed to protect the privacy of the subject of the email.

Similarly, Exhibit E are brief videos of Mr. Costianes caring for his family member; they are appropriately sealed to protect the privacy of that family member. These exhibits cannot be redacted because both exhibits would need to be fully redacted.

Wherefore, Mr. Costianes requests that the Court docket the attached redacted sentencing memorandum and seal Exhibits A, C, D, and E.

Respectfully submitted,

James Wyda
Federal Public Defender
  for the District of Maryland

\_\_\_/s/_____
Andrew R. Szekely
Paresh Patel
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax:  (410) 962-3976
Email: andrew_szekely@fd.org
      paresh_patel@fd.org
