IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | CASE NO. 21-cr-00458-JKB-1 |
| ELIAS NICK COSTIANES, JR. | * | |

**MOTION FOR APPROPRIATE RELIEF**

The Defendant, by and through counsel, Megan E. Coleman, Esq. and the law office of MarcusBonsib, LLC, hereby files this Motion for Appropriate Relief requesting the following:

**I.      Request that Undersigned Counsel be Court-Appointed for the Motion to Vacate**

On January 15, 2025, undersigned counsel entered her appearance in a limited capacity in this matter, as an un-paid, pro bono attorney, solely for the purpose of requesting an extension of time for the Defendant's surrender to begin serving his sentence in this matter. (*See* ECF Nos. 154, 155). Undersigned counsel did that as a courtesy to Mr. Costianes, who was due to surrender that day to begin serving his sentence in the above-captioned matter, but had not yet received a response from this Court relating to his request to extend his surrender date in his Supplement to his Motion to Vacate that he filed on December 23, 2024. (*See* ECF No. 153, pp. 1, 13).

Mr. Costianes filed that request *pro se*.

Undersigned counsel had been appointed by the Fourth Circuit to represent Mr. Costianes in his direct appeal only.

On January 15, 2025, this Court granted Mr. Costianes's request to extend the date for his surrender until no later than February 12, 2025 at noon. (*See* ECF No. 156). That same day, this Court entered an Order directing undersigned counsel to file any supplement to Defendant's pro se Motion to Vacate on or before today, January 22, 2025. (*See* ECF No. 157). The Court ordered undersigned counsel to file any supplement on behalf of Mr. Costianes because "Counsel has now entered an appearance on behalf of Defendant. (ECF No. 154)." (See ECF No. 157).

1

Undersigned counsel believes that the scope of her limited entry of appearance to extend a surrender date, would be greatly expanded by the representation of Mr. Costianes in his Motion to Vacate proceedings, and therefore, undersigned counsel requests that this Honorable Court appoint undersigned counsel pursuant to the Criminal Justice Act, to represent Mr. Costianes.

Mr. Costianes qualifies for representation as he was given court-appointed counsel for his direct appeal, and he was previously represented by the Office of the Federal Public Defender in his first Motion to Vacate.

As will be set forth below, undersigned counsel believes that the issues to be decided in the Defendant's Motion to Vacate are more complex than what he originally filed.

## II.     Request for Additional Time to File Supplement to Motion to Vacate

### A. The Sentencing Issue Raised in the Motion to Vacate Might Be Mooted Out in the Direct Appeal.

In the Defendant's pending December 6, 2024 Motion Under 28 U.S.C. § 2255 to Vacate Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate"), he alleged ineffective assistance of counsel at the time of his re-sentencing on September 24, 2024. (ECF No. 150). As a summary, Mr. Costianes alleged that defense counsel failed to present evidence to the Court that he was not a large-scale drug dealer of 85 grams of cocaine, but rather, that he only distributed a mere fraction of that amount to a couple of his closest friends. (ECF No. 150, p. 4).

Mr. Costianes contended that had this Court been presented with the accurate picture, this Court might not have imposed the sentence of one year and one day. Upon review of the sentencing transcripts, undersigned counsel observed that this Court justified the sentence based on the nature of the offense, finding that Mr. Costianes was part of a system in which illegal drugs percolate into the wider community, (S. 9/24/24, p. 32); that the sentence had to promote respect for the law with this Court finding that "the most serious aspect" was the distribution of drugs into the wider

2

community, (S. 9/24/24, p. 33); and deterrence so that the public would know that the law is being enforced for the protection of everyone. (S. 9/24/24, p. 35).

After receiving this Court's January 15, 2025 Order regarding a motion to supplement the Motion to Vacate based on this issue, undersigned counsel contemplated asking the Court to hold the motion in abeyance while pursing the Defendant's direct appeal, because undersigned counsel discovered an appellate issue that if correct, would essentially moot the Motion to Vacate.

Specifically, undersigned counsel discovered that the discretionary conditions of probation orally ordered at the sentencing hearing differed from the discretionary conditions of probation in the written Judgment.

At the sentencing hearing, this Court considered the 13 Standard Conditions of Supervision that appear on Page 22-23 of the Pre-Sentence Report. (S. 9/24/24, p. 38, Doc. 86, p. 22-23). The first condition of the Pre-Sentence Report requires that the Defendant "report to the probation office in the federal judicial district where you are authorized to *reside*[.]" (Doc. 86, p. 22) (emphasis added).

However, the written Judgment requires that the Defendant "report to the probation office in the district to which the defendant is *released*[.]" (Doc. 139, p. 3 (top of page)) (emphasis added).

The difference in the two is that one requires the Defendant to report to where he resides, whereas the other directive requires the Defendant to report to where he is released. Recently, in the unreported opinion *United States v. Gatson Reyes*, No. 23-4598 (4th Cir. Oct. 3, 2024), 2024 WL 4381162, the Fourth Circuit held that the exact same error required Mr. Reyes's sentence to be vacated and remanded for resentencing. While the *Reyes* Opinion is not binding, the cases that it relied upon were. *See*, *United States v. Rogers*, 961 F.3d 291, 295-99 (4th Cir. 2020) (A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing.);

*United Staes v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021) ("Discretionary conditions that appear for the first time in a subsequent written judgment…are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required."); *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) ("compare[ ] the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law.").

Because a full re-sentencing hearing may be ordered by the Fourth Circuit for this type of error, the Motion to Vacate may become moot on this issue.

However, if the Defendant is not successful on this issue in his direct appeal and/or if this Court orders the Defendant to present this claim in his Motion to Vacate while the direct appeal is pending, undersigned counsel would still need additional time to review the discovery in this case relating to the quantity of drugs distributed by Mr. Costianes. Undersigned counsel was not trial counsel, and normally as an appellate attorney, does not review the underlying discovery, especially in a case, whereas here, the Defendant pleaded guilty. Undersigned counsel asked the Office of the Federal Public Defender whether they were in possession of the underlying discovery, but was told that they were provided some summary documents. Undersigned counsel needs to follow-up with the Government or trial counsel to acquire the information.

**B. The January 20, 2025 Executive Order Relating to the U.S. Capitol on January 6, 2021.**

Separate and apart from the request for additional time to look into the ineffective assistance of counsel claim relating to the sentencing proceedings, a potential new issue has arisen as of January 20, 2025.

On that day, President Donald Trump was sworn into office and issued an Executive Order titled "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events At or Near the United States Capitol on January 6, 2021." *See*

https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/ (last visited Jan. 22, 2025).

Acting pursuant to the grant of authority in Article II, Section 2, of the Constitution of the United States, and listed in subsection (b) of that Executive Order, the President "grant[ed] a full, complete and unconditional pardon to all other individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021" and "further direct[ed] the Attorney General to pursue dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021."

Mr. Costianes was a defendant in *United States v. Costianes*, Case No. 21-cr-00180-RJL, relating to events at or near the United States Capitol on January 6, 2021. On January 21, 2025, the Government in that case filed a motion to dismiss with prejudice pursuant to the Executive Order, and the Court signed the Order the same day. (*See* ECF Nos. 92 and 93 in Case No. 21-cr-00180-RJL).

The potential significance of the Executive Order to the present case is that all of the evidence acquired by the Government and used to prosecute him in the present case, resulted from the Government's investigation of Mr. Costianes in the January 6 case. In February, 2021, the Government, through its agents, applied for a Search Warrant in this Court to search Mr. Costianes's residence, vehicle, and cellphone looking for, as listed in the Affidavit's Attachment B from 1(a) to (o), "Evidence concerning unlawful entry into the U.S. Capitol."

Mr. Costianes believes that there may be a colorable challenge to his conviction in the present case because the evidence was acquired based solely on and related his January 6, 2021

conduct at or near the U.S. Capitol. Mr. Costianes believes that the language of the Executive Order may be broad enough to pardon this offense as it relates to and stems directly from Mr. Costianes's January 6 conduct.

Undersigned counsel learned today that a January 6th defendant that was serving a concurrent sentence on a gun case out of the federal district of New Jersey, was released from the Bureau of Prisons yesterday because the broad language of the pardon directed anyone convicted of the January 6 conduct who was concurrently held in prison to be released immediately.

The open question is whether the "full, complete and unconditional pardon" language at the beginning of section (b) can or does extend to this case.

Due to the recency of this Executive Order, and the unique circumstances of this case, undersigned counsel needs sufficient time to research and consult with other practitioners regarding this issue.

Mr. Costianes may want to file a supplement pursuant to 28 U.S.C. § 2255(a) claiming that this Court is without jurisdiction to impose or execute the sentence in this case as a result of the January 20th Executive Order.

### C. Request for Extension of Time of 60 Days to File a Supplement to the Motion to Vacate.

Undersigned counsel is requesting an extension of time of 60 days, until March 24, 2025, to file any supplement to the Defendant's Motion to Vacate:

1. Due to the recency of the January 20th Executive Order and the novel questions that it presents;

2. Due to the sentencing issue that would require a full review of underlying discovery materials that counsel is not currently in possession of; and

3. Due to the fact that both of the above-issues are outside of the scope of the material that undersigned counsel original reviewed as the appellate attorney.

### III. Request for Extension of Time for Mr. Costianes to Begin Serving his Sentence

Undersigned counsel is requesting that this Court extend the time for Mr. Costianes to surrender to begin serving his sentence in the above-captioned matter until at least after undersigned counsel files any supplement on the requested March 24, 2025 date, and the Government files any response.

There is a very real possibility that Mr. Costianes will receive a new sentencing hearing at the very least, and further yet, that the Defendant's conviction might be vacated altogether.

Thus, it would not be in the interests of justice to have Mr. Costianes begin serving his sentence until these issues are resolved.

WHEREFORE, the Defendant respectfully requests that this Honorable Court grant the requested relief.

Respectfully submitted,

MARCUSBONSIB, LLC

*/s/ Megan E. Coleman*
Megan E. Coleman
Bar # 17552

6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
megancoleman@marcusbonsib.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served this 22nd day of January, 2025, upon the Office of the United States Attorney, *via* CM/ECF.

*/s/ Megan E. Coleman*
Megan E. Coleman

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | CASE NO. 21-cr-00458-JKB-1 |
| ELIAS NICK COSTIANES, JR. | * | |

## **ORDER**

Upon consideration of the Defendant's Motion for Appropriate Relief, it is this _____ day of _____; 2025, hereby ORDERED that the Motion is GRANTED as follows:

1. This Court SHALL APPOINT Megan E. Coleman, Esq. pursuant to the Criminal Justice Act to serve as court-appointed counsel for Mr. Costianes in his pending Motion to Vacate;

2. The Defendant SHALL FILE any Supplement to his Motion to Vacate on or before March 24, 2025; and

3. The Defendant SHALL SURRENDER by April 14, 2025 to begin serving his sentence in the above-captioned matter.

_____
HONORABLE JAMES K. BREDAR
U.S. DISTRICT COURT JUDGE
FOR THE DISTRICT OF MARYLAND