IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | CASE NO. 21-cr-00458-JKB-1 |
| ELIAS NICK COSTIANES, JR. | * | |

**DEFENDANT'S UNOPPOSED MOTION TO DISMISS 28 U.S.C. § 2255 MOTION WITHOUT PREJUDICE**

The Defendant, Elias Nick Costianes, Jr., by and through undersigned counsel, hereby files Defendant's Unopposed Motion to Dismiss 28 U.S.C. § 2255 Motion Without Prejudice and as reasons in furtherance thereof states as follows:

1. On September 24, 2024, the Defendant appeared before this Honorable Court in the above-captioned matter and was sentenced to serve a period of incarceration of one year and one day.

2. On October 7, 2024, the Defendant noted an appeal of his amended judgment to the United States Court of Appeals for the Fourth Circuit. (Doc. 143). The appeal case number is 24-4543.

3. On December 6, 2024, the Defendant filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255 ("§ 2255 Motion"). (Doc-150). The civil action number is 24-3533. The Defendant raised issues regarding the re-sentencing proceeding.

4. On December 23, 2024, the Defendant filed a *pro se* Supplement to Modify his § 2255 Motion, similarly raising issues regarding the re-sentencing proceeding. (Doc. 153).

5. On January 15, 2025, the Defendant, through undersigned counsel, filed a request for extension of time for the Defendant's surrender date. (Doc. 155). That same day, this Court granted the Defendant's request and extended the Defendant's surrender date to February 12, 2025.

(Doc. 156). The Court also ordered any supplement to the Defendant's § 2255 Motion to be filed by January 22, 2025. (Doc. 157).

6. On January 22, 2025, the Defendant, filed a Motion for Appropriate Relief requesting, *inter alia*, additional time to file a supplement to the § 2255 Motion because (1) there were sentencing issues contained in the Defendant's *pro se* § 2255 Motion that might be mooted out by the direct appeal; and (2) there was a substantial change in circumstances in which a January 20, 2025 Executive Order pardoning conduct relating to prosecutions stemming from activity at the U.S. Capitol on January 6, 2021 would conceivably apply to the Defendant's underlying conviction in this case. (Doc. 158). The Defendant also requested an extension of his February 12, 2025 surrender date. (Doc. 158).

7. On January 28, 2025, the Court issued a Memorandum and Order granting the Defendant's request for an extension of time to supplement the § 2255 Motion, but denying the Defendant's request for an extension of time to surrender. (Doc. 159).

8. On February 12, 2025, the Defendant surrendered to the U.S. Marshals and has been detained since that time.

9. On February 12, 2025, the Defendant filed an Emergency Motion in the U.S. Court of Appeals for the Fourth Circuit requesting his release based on the application of the January 20, 2025 Executive Order. (Doc. 17, No. 24-4543).

10. On February 19, 2025, the Government filed a Response in the Fourth Circuit consenting to the Defendant's relief and agreeing that the President's pardon applied to this federal Maryland case in the above-captioned matter. (Doc. 20-1, No. 24-4543). The Government asked the Fourth Circuit to vacate the Defendant's judgment of conviction in the above-captioned matter. (Doc. 20-1, No. 24-4543).

11. On February 27, 2025, the Clerk, on behalf of the Fourth Circuit, issued an Order directing the parties to file supplemental responses to three questions: (1) whether the Fourth Circuit has jurisdiction to consider the January 20, 2025 Executive Order (the "Pardon") and in absence of a motion to vacate the Defendant's sentence; (2) whether the Fourth Circuit has authority to review and interpret the Pardon; and (3) whether the Pardon applies in this case. (Doc. 23, No. 24-4543). Supplemental responses are to be filed on March 6, 2025.

12. Although there is "no jurisdictional bar" to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal, *see DeRango v. United States*, 864 F.2d 520, 522 (7th Cir. 1988); *United States v. Taylor*, 648 F.2d 56, 572 (9th Cir. 1981); *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968); it is typically the practice to allow the direct appeal to move forward first, based on judicial economy, so as to not make the district court's efforts on the § 2255 motion a nullity. *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002). *See Rendelman v. United States*, 2008 WL 2945559 (D. Md. July 28, 2008) ("Absent extraordinary circumstances, a district court is precluded from considering a § 2255 motion while review of a defendant's criminal case on direct appeal is pending."), *aff'd*, 308 F.Appx. 685 (4th Cir. 2009); *Walker v. Connor*, 72 Fed. Appx. 3, 4 (4th Cir. 2003) (unpublished) (noting that a Section 2255 motion would have been premature because petitioner's direct appeal was still pending); *Davis v. Scott*, 176 F.3d 805, 807 (4th Cir. 1999) ("the application purported to seek relief pursuant to 28 U.S.C. § 2241 when it should have sought relief under 28 U.S.C. § 2255; and the application was premature because Davis's direct appeal was still pending at that time."); *Womack*, 395 F.2d at 630 (determination of the direct appeal may render collateral attack unnecessary).

13. The Defendant may file his Section 2255 Motion after his appeal proceedings are completed. *See United States v. Gardner*, 132 Fed. Appx. 467, 468 (4th Cir. 2005) (finding that

defendant did not need authorization to file a successive Section 2255 motion where his first Section 2255 motion was dismissed as premature due to his pending direct appeal).

14. Moreover, since the Defendant's direct appeal is ongoing, the Defendant's conviction has not yet become final, and the one-year limitation period has not yet started to run.

15. Therefore, due to the pendency of the Defendant's direct appeal, the Government's position that the Pardon applies to the Defendant's current case, and the questions presented by the Fourth Circuit in its February 27, 2025 Order, the Defendant hereby moves to dismiss his initial § 2255 motion, and his supplemental § 2255 motion without prejudice. The Defendant has expressly requested that undersigned counsel file this motion on his behalf.

16. Assistant United States Attorney David Bornstein authorized undersigned counsel to represent that the Government does not oppose the Defendant's motion to dismiss his § 2255 motions without prejudice.

17. If further litigation is ordered at the District Court level by the Fourth Circuit, the Defendant will take appropriate action at that time.

18. WHEREFORE, the Defendant respectfully moves to dismiss his § 2255 motions without prejudice.

Respectfully submitted,

MARCUSBONSIB, LLC

*/s/ Megan E. Coleman*
Megan E. Coleman
Bar # 17552

6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
megancoleman@marcusbonsib.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served this 4th day of March, 2025, upon the Office of the United States Attorney, *via* CM/ECF.

*/s/ Megan E. Coleman*
Megan E. Coleman

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | CASE NO. 21-cr-00458-JKB-1 |
| ELIAS NICK COSTIANES, JR. | * | |

**ORDER**

Upon consideration of <u>Defendant's Unopposed Motion to Dismiss 28 U.S.C. § 2255 Motion Without Prejudice</u>, it is this _____ day of _____; 2025, hereby ORDERED that the motion is GRANTED;

It is further ORDERED that the Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 150) and Defendant's Supplement to Modify his § 2255 Motion (Doc. 153), are hereby DISMISSED WITHOUT PREJUDICE; and

It is further ORDERED that civil action number 24-3533 is hereby CLOSED.

_____
HONORABLE JAMES K. BREDAR
U.S. DISTRICT COURT JUDGE
FOR THE DISTRICT OF MARYLAND