IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | CASE NO. 21-cr-00458-JKB-1 |
| ELIAS NICK COSTIANES, JR. | * | |

**CONSENT MOTION TO STAY SENTENCE AND TO RELEASE DEFENDANT**

The Defendant, Elias Nick Costianes, Jr., by and through counsel, Megan E. Coleman, Esq. and the law office of MarcusBonsib, LLC, hereby files this Consent Motion to Stay Sentence and to Release Defendant, and as reasons in furtherance thereof states as follows:

1. On February 12, 2025, Mr. Costianes surrendered to the U.S. Marshals to begin serving his sentence of one year and one day in the above-captioned matter.

2. Mr. Costianes's case is currently on appeal in the United States Court of Appeals for the Fourth Circuit in Appeal No. 24-4543.

3. On February 12, 2025, Mr. Costianes filed an Emergency Motion in the Fourth Circuit requesting his release. (Doc. 17, No. 24-4543).

4. On February 19, 2025, the Government filed a response consenting to Mr. Costianes's release, agreeing that President Trump pardoned Mr. Costianes of the offenses in the indictment. Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 20, 2025). (*See* Doc. 20-1, No. 24-4543). The Government asked the Fourth Circuit to vacate the Defendant's judgment of conviction in the above-captioned matter. (Doc. 20-1, No. 24-4543).

5. On February 27, 2025, the Clerk, on behalf of the Fourth Circuit, issued an Order directing the parties to file supplemental responses to address, *inter alia*, whether the Fourth Circuit has jurisdiction to consider the President's January 20, 2025 Executive Order in the absence of a motion to vacate the Defendant's sentence filed in the District Court. (Doc. 23, No. 24-4543).

6. On March 12, 2025, the parties filed a <u>Joint Motion to Vacate Conviction and Remand for Dismissal</u> in the Fourth Circuit. (Doc. 27, No. 24-4543). The parties asked the Fourth Circuit to vacate Mr. Costianes's conviction pursuant to 28 U.S.C. § 2106, and to remand the case to the district court to dismiss the indictment with prejudice pursuant to the Federal Rules of Criminal Procedure Rule 48(a).

7. While the parties are awaiting disposition by the Fourth Circuit, the parties jointly move to stay Mr. Costianes's sentence and to release him.

8. Although the case is currently on appeal, the Federal Rules of Appellate Procedure Rule (8)(c) provides that for a stay in a criminal case, Rule 38 of the Federal Rules of Criminal Procedure governs.

9. Pursuant to Fed. R. Crim. Pro. 38(b)(1), the parties move this Court to release Mr. Costianes's pending appeal, and to stay his sentence of imprisonment.

10. Pursuant to 18 U.S.C. § 3143(b)(1), Mr. Costianes should not be detained pending appeal if this Court finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)

11.	As to the first prong, 18 U.S.C. § 3143(b)(1)(A), the courts have previously found by clear and convincing evidence that Mr. Costianes is not likely to flee or pose a danger to the safety of any other person or the community if released. Mr. Costianes made his initial appearance on September 1, 2021 in federal court, at which time he was released on personal recognizance on Pretrial Supervision. (Doc. 11, 86). Mr. Costianes remained on Pretrial Supervision since that date where he was supervised in the Northern District of West Virginia, where he resided. (Doc. 86). Mr. Costianes remained on Pretrial Supervision even after his re-sentencing hearing on September 24, 2024, until he was finally ordered to surrender on February 12, 2025. For more than three and a half years, Mr. Costianes reported as instructed, appeared for court when ordered to do so, complied with the conditions placed on him, communicated with his attorneys, surrendered when he was directed to do so, and did not commit any new offenses. Thus, this Court should find by clear and convincing evidence that Mr. Costianes is not likely to flee or a pose a danger to the safety of any other person or to the community if he is released at this time.

12.	As to the second prong, 18 U.S.C. § 3143(b)(1)(B), respectfully, this Court should find that Mr. Costianes's appeal, and more specifically, the parties' joint request that the Fourth Circuit vacate his conviction and remand his case for the government to move to dismiss the indictment under Rule 48(a), are not for the purpose of delay and in fact, raise a substantial question of law or fact likely to result in the vacatur of his conviction and/or sentence. Indeed, if the relief requested jointly by both parties is granted, the result would be vacatur of Mr. Costianes's conviction and sentence in this case.

13.	If this Court finds that both prongs are satisfied, the Court "shall order the release" of Mr. Costianes. 18 U.S.C. § 3143(b)(1).

14. In this district, the Honorable Julie R. Rubin signed a Rule 48(a) Order to Dismiss in a case that like Mr. Costianes's case, stemmed directly from the execution of a search warrant for the events that happened at the U.S. Capitol on January 6, 2021. *See United States v. Zachariah Sattler*, No. 23-cr-00438-JRR (Doc. 38 and 41).

15. The Government consents to Mr. Costianes's request to stay his sentence and to release him.

16. Wherefore, Mr. Costianes respectfully requests that this Honorable Court grant the relief prayed.

Respectfully submitted,

MARCUSBONSIB, LLC

*/s/ Megan E. Coleman*
Megan E. Coleman
Bar # 17552

6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
megancoleman@marcusbonsib.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served this 14th day of March, 2025, upon the Office of the United States Attorney, *via* CM/ECF.

*/s/ Megan E. Coleman*
Megan E. Coleman