IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIMINAL NO. JKB-21-0458 |
| ELIAS NICK COSTIANES, JR., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Elias Nick Costianes, Jr. has filed a Consent Motion to Stay Sentence and to Release Defendant. (ECF No. 163.) The Motion will be denied without prejudice.

Costianes initially docketed his appeal before the Fourth Circuit on October 15, 2024 (*i.e.*, before any pardon was issued relating to the events that occurred on January 6, 2021). (Doc. 1, No. 24-4543.) On February 12, 2024, Costianes filed an emergency motion in the Court of Appeals seeking his immediate release. (Doc. 17, No. 24-4543.) That motion cited the January 20, 2025 pardon, which "grant[ed] a full, complete and unconditional pardon to all other individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." (*Id.*) The Government filed a response "agree[ing] that the President pardoned [Costianes]" and that Costianes "should be immediately released from custody in connection with this case, his sentence should be stayed, and this Court should resolve his motion on an expedited basis." (Doc. 20, No. 24-4543.)

In response to these filings, the Fourth Circuit set a briefing schedule, and asked three questions:

> 1. Separate and apart from the issue of mootness, whether this Court has jurisdiction to consider, and whether it is prudent for this Court to consider, Costianes' motion in the absence of any ruling by the district court on the January 20, 2025 Executive

Order (the "Pardon") and in absence of a motion to vacate Costianes' sentence.

2. Whether this Court has authority to review and interpret the Pardon.

3. Whether the Pardon applies in this case as a conviction "related to events that occurred at or near the United States Capitol on January 6, 2021."

(Doc. 23, No. 24-4543.) Rather than respond to those questions, the parties filed a Joint Motion to Vacate Conviction and Remand for Dismissal. (Doc. 27, No. 24-4543.) In that motion, the parties "jointly move[d] to vacate the defendant's conviction and remand this case to the district court to dismiss the indictment with prejudice pursuant to Federal Rule of Criminal Procedure 48(a)." (*Id.*) The parties again cited the pardon and explained that, "[a]fter further considering this case in light of the Court's questions, the government has determined that the more efficient and prudent course—and the one most consistent with President Trump's instructions—is to move to vacate Mr. Costianes's conviction and dismiss the indictment under Rule 48(a)." (*Id.*)

Before this Court, the parties now seek a stay of Costianes's sentence and his release pending disposition by the Fourth Circuit. (ECF No. 163.) The parties point to Federal Rule of Appellate Procedure 8(c), Federal Rule of Criminal Procedure 38, and 18 U.S.C. § 3143(b)(1) in support of their argument that he should be released. (*Id.*)

Federal Rule of Appellate Procedure 8(c) provides that a stay in a criminal case is governed by Rule 38 of the Federal Rules of Criminal Procedure, which in turn provides that, "[i]f the defendant is released pending appeal, the court must stay a sentence of imprisonment." But a defendant sentenced to a term of imprisonment may be released pending appeal only if the Court finds

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). "If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title . . . ." *Id.*

With respect to 18 U.S.C. § 3143(b)(1)(A), the parties explain that Costianes is not likely to flee or pose a danger to the community because the Court has already made such determination, given that Costianes was on release prior to his reporting to the U.S. Marshals on his surrender date and given that he complied with all instructions during that time. (ECF No. 163.)

With respect to 18 U.S.C. § 3143(b)(1)(B), the parties argue that

> the parties' joint request that the Fourth Circuit vacate his conviction and remand his case for the government to move to dismiss the indictment under Rule 48(a), are not for the purpose of delay and in fact, raise a substantial question of law or fact likely to result in the vacatur of his conviction and/or sentence. Indeed, if the relief requested jointly by both parties is granted, the result would be vacatur of Mr. Costianes's conviction and sentence in this case.

(ECF No. 163.)

On this second issue, Costianes does not carry his burden. He does not explain why it is likely that his conviction will be vacated on appeal. Indeed, it is not entirely clear on what basis he even seeks a vacatur of his sentence on appeal, given that the currently pending joint motion before the Fourth Circuit simply asks the Fourth Circuit "to vacate the defendant's conviction" but does not provide a basis for doing so. (Doc. 27, No. 24-4543.) And, although it cites the pardon, the parties explicitly did not respond to the Fourth Circuit's questions regarding the pardon. (*Id.*)

Further, in support of their position that Mr. Costianes should be released, the parties point to another case in this district: *United States v. Zachariah Sattler*, No. 23-cr-00438-JRR. However,

in that case, the Government filed a Rule 48 motion seeking to dismiss the indictment prior to any final judgment. In this case, Mr. Costianes pleaded guilty and was sentenced. The parties have cited no authority regarding how Rule 48 applies in the context of a final judgment. <u>And, more fundamentally, there is no pending Rule 48 motion.</u>

Accordingly, it is ORDERED that the Consent Motion to Stay Sentence and to Release Defendant (ECF No. 163) is DENIED WITHOUT PREJUDICE.

DATED this 21 day March, 2025.

BY THE COURT:

James K. Bredar
United States District Judge