IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 1:21-cr-00458-JKB |
| ELIAS NICK COSTIANES, JR.,<br>    Defendant. | |

## UNITED STATES OF AMERICA'S CONSENT MOTION
## TO DISMISS INDICTMENT WITH PREJUDICE

The United States hereby moves the Court for leave to dismiss the superseding indictment against Mr. Elias Nick Costianes, Jr., with prejudice. *See* Fed. R. Crim. P. 48(a). The United States has determined that as a matter of prosecutorial discretion it is proper to forgo further proceedings on Mr. Costianes's non-final conviction and dismiss the superseding indictment with prejudice. The undersigned has informed Mr. Costianes's attorneys of this motion, and they consent to it on his behalf.

As an initial matter, this motion falls within the scope of the Fourth Circuit's remand order. *See* ECF No. 169. The Fourth Circuit has granted this Court authority to consider (1) Mr. Costianes's emergency motion for relief and the parties' joint motion to vacate and remand for a Rule 48(a) dismissal, which were originally filed with the Fourth Circuit, and (2) "any other related motions the parties wish to make concerning the impact of the pardon on Costianes's conviction." *Id.* at 3. This motion is "related" to the parties' joint motion to the Fourth Circuit because it seeks the

1

precise relief we requested there. *See* Joint Motion to Vacate Conviction and Remand for Dismissal at 1, filed Mar. 12, 2025 (seeking to "remand this case to the district court to dismiss the indictment with prejudice pursuant to Federal Rule of Criminal Procedure 48(a)"). The Court, therefore, has authority under the remand order to consider and grant this motion.[1]

Rule 48(a) provides that the United States must receive "leave of court" before it "may . . . dismiss an indictment." Fed. R. Crim. P. 48(a). The Fourth Circuit has stated that a district court "*must* grant a prosecution's [Rule 48(a)] motion unless [it is] clearly contrary to manifest public interest." *Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010) (per curiam) (quoting *United States v. Kellam*, 568 F.3d 125, 133 (4th Cir. 2009)). Whether granting the motion "would be clearly contrary to manifest public interest 'should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal.'" *Id.* (quoting *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995)). Under Fourth Circuit precedent, absent a finding of "bad faith," the motion "*must* be granted." *Id.* (quoting *Smith*, 55 F.3d at 159). "Examples of bad faith have been circumscribed to 'include the prosecutor's

---

[1] If the Court nonetheless believes that this motion does not fall within the scope of the Fourth Circuit's remand order, the United States requests that it provide an indicative ruling under Rule 37 that it "would grant the motion if the court of appeals remands for that purpose." *United States v. Armstrong*, --- F.4th ----, No. 23-6621, 2025 WL 966963, at *2 (4th Cir. Apr. 1, 2025, amended Apr. 2, 2025) (quoting Fed. R. Crim. P. 37 advisory committee's note to 2012 adoption).

2

acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled.'" *Id.* (quoting *Smith* 55 F.3d at 159). Here, irrespective of whether the President's proclamation granting "a full, complete and unconditional pardon to . . . individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021," *see* Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 20, 2025), applies to Mr. Costanies's conviction, the Department of Justice's actions in light of that presidential order provide no basis for a finding of bad faith.

Background principles of the constitutional separation of powers explain why the district court's role in reviewing Rule 48(a) dismissals is strictly circumscribed. "[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974). Likewise, the decision to dismiss a federal indictment once brought is an Executive function that courts are ill-suited to second guess. *See, e.g.*, *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967) (Burger, J.) ("Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought.").

Finally, this Court has questioned whether it may grant a Rule 48(a) motion after Mr. Costianes has been "sentenced." ECF No. 167 at 4. Yes, it may. The Fourth Circuit has held that "a district court's jurisdiction over a Rule 48 motion . . . stems

from 18 U.S.C. § 3231." *Rice*, 617 F.3d at 808. This jurisdiction "remains with the sentencing court even after conviction and appeal" and "even after [the] conviction has become final." *Id.* at 809. Here, Mr. Costianes's conviction is not final because it is still on direct appeal. *United States v. Dodson*, 291 F.3d 268, 275–76 (4th Cir. 2002). And the Supreme Court has repeatedly blessed the practice of remanding a case on direct appeal to the district court so that the government may move to dismiss the indictment under Rule 48(a). *See Rinaldi v. United States*, 434 U.S. 22, 25 n.8 (1977) (citing cases); *see also* 3B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 802 (4th ed. 2024) ("Rule 48(a) continues to apply even after conviction and sentencing while the case is on direct appeal, and the same standard applies to a government request for dismissal at that stage as applies if the request came prior to trial."). So this Court may and should grant the motion.

**WHEREFORE,** the United States, with Mr. Costianes's consent, respectfully requests leave of the Court to dismiss with prejudice the Superseding Indictment at ECF No. 34, which will also result in vacatur of Mr. Costianes's conviction.

    Respectfully submitted,

    KELLY O. HAYES
    United States Attorney

    /s/ David C. Bornstein
    Assistant United States Attorney
    Chief, Appellate Division
    United States Attorney's Office

36 South Charles Street, 4th Floor<br>
Baltimore, Maryland 21201<br>
(410) 209-4800

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 8, 2025, I electronically filed the above motion in this case and thereby electronically served a copy of it on Mr. Elias Nick Costianes, Jr., through his counsel of record, who are ECF Filers.

/s/ David C. Bornstein<br>
Assistant United States Attorney