IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-21-0458 |
| ELIAS NICK COSTIANES, JR., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court has described the history of this case in two prior Memoranda. (*See* ECF Nos. 171, 178.) In brief, the Court of Appeals remanded this matter for this Court to determine whether a January 2025 pardon (the "Pardon") applies to Defendant Elias Nick Costianes, Jr. (ECF No. 169.) The Court of Appeals then expanded its remand to permit this Court to rule on a motion the Government filed pursuant to Federal Rule of Criminal Procedure 48 (the "Rule 48 Motion"). (ECF No. 176 (granting the Government's motion to expand the scope of the remand, "but order[ing] that the district court determine, as an initial matter, whether or not the Pardon applies to Costianes' conviction").) This Court then concluded that the Pardon does not apply, and directed additional briefing with respect to the Rule 48 Motion. (ECF No. 178.) The Court now grants the Rule 48 Motion.

As the Court previously explained, Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." And "[c]ourts have held that by including the phrase 'leave of court' in Rule 48(a), 'the Supreme Court intended to clothe the federal courts with a discretion broad enough to protect the public interest in the fair administration of criminal justice.'" *United States v. Manbeck*, 744 F.2d 360, 371 (4th Cir. 1984) (quoting *United States v. Cowan*, 524 F.2d 504, 512 (5th Cir. 1975)). However,

the Court's discretion in the Rule 48 context is very limited, and it "must grant the [Rule 48(a)] motion absent a finding of bad faith or disservice to the public interest." *United States v. Perate*, 719 F.2d 706, 710 (4th Cir. 1983) (citing *Rinaldi v. United States*, 434 U.S. 22, 30 (1977)). Under Fourth Circuit law, "[t]he disservice to the public interest must be found, if at all, in the motive of the prosecutor." *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995); *see also United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000) ("Indeed, the court must grant the government's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith.").

The Court previously observed that it was "fully cognizant of its limited role in the context of the Rule 48 Motion." (*See generally* ECF No. 178 at 14–19.) The Court also explained that "[t]here might be all manner of good faith reasons to seek the dismissal of this case. But if reliance on the Pardon arguably was once one such reason, it is no longer, given the Court's unequivocal rejection of the parties' proposed interpretation. The President did not pardon Costianes for the instant offense. Any contention otherwise is now bad faith because it is not just incorrect, it is— as the Court has concluded above—unreasonable." (*Id.* at 19.)

In its briefing, the Government "objects to the ruling that it acts in 'bad faith' insofar as it 'reli[es] on the [President's] Pardon' to dismiss the indictment" and disagrees with the Court's conclusion that the Government's reading of the Pardon is unreasonable. (ECF No. 182 at 1–2.) The Court is, frankly, disappointed that the Government persists in its attempt to contort the plain language of the Pardon. As the Court previously made clear, (*see generally* ECF No. 178 at 14– 19), it will not collaborate in the strained and distorted reading of the Pardon. The Court reiterates its prior conclusion that reliance on the Pardon in support of the Rule 48 Motion would be in bad

faith.[1] The Court rejects the Government's interpretation of the Pardon and finds that the Pardon does not supply a good faith basis for dismissing the case.

However, the Government now proffers an additional, entirely separate justification for its Rule 48 Motion. It explains that:

> the Department has determined that its resources should not be devoted to investigating and prosecuting certain in-home offenses (like Mr. Costianes's) that would not have been discovered if the government had not investigated and prosecuted people for their conduct related to the events at or near the United States Capitol on January 6, 2021. And because the Department would not investigate or prosecute someone in Mr. Costianes's shoes today, the Department has further determined that the interests of justice require treating Mr. Costianes similarly. These determinations are wholly discretionary and are based on the Department's decisions on where its resources are best spent.

(ECF No. 182 at 4.) The Court cannot conclude that the Government has proffered this new and separate explanation in bad faith, and as such, must grant the Rule 48 Motion. *See Perate*, 719 F.2d at 710 (explaining that a district court "has little discretion" in the Rule 48 context and "must grant the motion absent a finding of bad faith or disservice to the public interest").

The Court of Appeals has explicitly retained jurisdiction of this appeal. (*See* ECF No. 169 (issuing a limited remand and explaining that "[t]his court will retain jurisdiction of the appeal"); ECF No. 176 (expanding the scope of the remand and explaining that "[t]his court will retain jurisdiction of the appeal").) Giving immediate effect to the granting of the Rule 48 Motion would effectively moot the pending appeal. Thus, the Court will stay its ruling for 45 days and will direct the Clerk to transmit the relevant rulings to the Court of Appeals.

For the foregoing reasons, it is ORDERED that:

---

[1] Likewise, Costianes' counsel takes issue with this Court's interpretation of the Pardon. His counsel states that "it would be just for this Court to reconsider and reverse its prior position on the J6 pardon's applicability." (ECF No. 183 at 7.) The Court sees no reason to reconsider its prior decision regarding this Court's ability to interpret the Pardon and its applicability to Costianes' offense in this Court. In addition, Costianes' counsel includes a lengthy argument that the Court of Appeals erred in remanding the question of the applicability of the Pardon to this Court. This Court, of course, will not rule on the propriety of the Court of Appeals' remand.

1. The Motion to Dismiss Indictment with Prejudice (ECF No. 170) and Consent Motion to Resolve the Pending Criminal Rule 48 Motion (ECF No. 177) are GRANTED. The Superseding Indictment (ECF No. 34) is DISMISSED WITH PREJUDICE. The previously entered Judgment and Commitment Order (ECF No. 139) is VACATED. To the extent the Defendant remains in the custody of the U.S. Bureau of Prisons, he is ORDERED RELEASED.[2]

2. This ruling and these orders ARE STAYED for 45 days from the date of this Memorandum and Order.

3. The Clerk SHALL TRANSMIT FORTHWITH (1) this Memorandum and Order; (2) the Memorandum and Order dated April 10, 2025 (ECF No. 171); and (3) the Memorandum and Order dated May 8, 2025 (ECF No. 178) to the United States Court of Appeals for the Fourth Circuit with reference to Case No. 24-4543.

DATED this 6 day of June, 2025.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge

---

[2] The Defendant has been ordered released, but that release order has been stayed (see Paragraph 2 of this Order). Accordingly, the Defendant may not be released until the stay has expired or has been dissolved by court order.