IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL NO. JKB-21-0458** |
| **ELIAS NICK COSTIANES, JR.,** | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court issued an Order granting a Motion filed pursuant to Federal Rule of Criminal Procedure 48(a), dismissing the Superseding Indictment, and ordering the Defendant released from the custody of the Bureau of Prisons. (ECF No. 184.) Because the Court of Appeals explicitly retained jurisdiction of the appeal (*see* ECF Nos. 169, 176), and so as not to intrude on or moot that appellate jurisdiction, the Court stayed its ruling for 45 days. (ECF No. 184.) The stay will permit the Court of Appeals to review this Court's orders, consistent with its retention of jurisdiction. The Court of Appeals can of course dissolve this Court's stay at any time, including after it has had the opportunity to review this Court's findings and orders. In the meantime, the stay keeps the case alive such that the appellate court's ruling that it retains jurisdiction remains meaningful.

Now pending before the Court is an Emergency Consent Motion for Reconsideration, seeking Defendant's immediate release. (ECF No. 185.) In it, Defendant's counsel disputes that the Fourth Circuit has retained jurisdiction over the appeal. (*See generally id.*)[1]  His counsel also

---

[1] Defendant argues that "[t]he limited Remand shown in ECF No. 176 and USCA ECF No. 40-1 did not retain any jurisdiction at Circuit [sic] or provide any restriction at this District level for a decision on the Rule 48(a) Motion." (ECF No. 185.) This argument is belied by the language included in the Court of Appeals' remand order, which provides that:

argues that "[a]lternatively, this Court could revisit the denial in ECF No. 167 of the request for Release/Stay of Sentence in ECF No. 163." (*Id.*; *see also* ECF No. 163 (seeking release pending appeal pursuant to 18 U.S.C. § 3143(b)(1)).) The Court will construe the pending Motion has one for release pending appeal pursuant to 18 U.S.C. § 3143(b)(1).

A defendant sentenced to a term of imprisonment may be released pending appeal only if the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). "If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title . . . ." *Id.* Further, "[t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained." The Court will set in a hearing to determine whether Costianes should be released

---

> The Government now asks us to expand the scope of our remand to permit the district court to rule on the Rule 48 motion. We grant the Government's motion, but order that the district court determine, as an initial matter, whether or not the pardon applies to Costianes' conviction. This court will retain jurisdiction of the appeal.

(ECF No. 176.) It is therefore simply not true that the Court of Appeals "did not retain any jurisdiction," as Defendant argues. It is also not true that the Court of Appeals did not provide any restriction on this Court, given that the Court of Appeals required this Court to determine, as an initial matter, whether the Pardon applies.

pending appeal.

Accordingly, it is ORDERED that a HEARING is set in for Tuesday, June 10, 2025 at 11:00 a.m. in Courtroom 5A.  The following persons must be present: counsel for both parties, the Defendant, and a Pretrial Services officer.  The Government is DIRECTED to secure the Defendant's presence.


DATED this __6th__ day of June, 2025.


                                                         BY THE COURT:

                                                         /s/ JAMES K. BREDAR

                                                        James K. Bredar
                                                        United States District Judge