UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-00458-JKB |
| | ) | |
| ELIAS NICK COSTIANES II, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN AID OF BOND HEARING**

Comes now the Defendant, ELIAS NICK COSTIANES II through undersigned counsel and respectfully requests that this Court release him pending appeal given the Orders granting the Rule 48(a) motion and this hearing (ECF No. 184; 186) and pursuant to 18 U.S.C. § 3143(b)(1).

**I. BACKGROUND.**

The Court issued an Order granting the Government's Motion filed pursuant to Federal Rule of Criminal Procedure 48(a), dismissing the Superseding Indictment, and ordering the Defendant released from the custody of the Bureau of Prisons. (ECF No. 184.) In its Order, the Court stayed its ruling for 45 days. Upon Mr. Costianes' Emergency Motion for Release (ECF No. 185) the Court scheduled a bond hearing under 18 U.S.C. § 3143(b)(1).

**II. FACTS.**

Prior to this case Mr. Costianes had no criminal history. He committed no acts of violence in relation to the crime charged for conviction. He does not fall under any offense described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 that requires detention. Mr. Costianes was on supervised release with no violations of conditions, and not even as much as a parking ticket from February 2021 until his self-surrender for prison on February 12, 2025. During

that time, he appeared for all court proceedings. He has served four months in prison without any incidents by him. His case remains on appeal in the U.S. Court of Appeals for the Fourth Circuit.

The Government previously did not argue for pretrial detention or detention pending sentencing. The Government indicated that it does not oppose release now, meaning it continues to not see a flight risk or danger to anyone in the community that requires detention.

### III. LEGAL STANDARD.

§ 3143. Release or detention of a defendant pending sentence or appeal is the controlling statute for a decision here as ordered.

> (b)(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title [18 USCS § 3142(b) or (c)]; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title [18 USCS §3142(b) or (c)] . . .

§3143(a)(l) requires the Court to conduct the same analyses of flight risk and dangerousness used in the pre-trial context. To deny bond based on prospective dangerousness, the government must establish that Mr. Costianes poses a continued "articulable threat to an individual or the community" that cannot be sufficiently mitigated

2

by release conditions. *U.S. v. Munchel*, 991 F.3d 1273, 1279–80 (see also *U.S. v. Salerno*, 481 U.S. at 751). The threat must be articulable, particularized, and continuing. *Id*.

In cases where flight or dangerousness are alleged, Congress provided sample release conditions where the defendant must not commit another crime, and the judge must apply the least restrictive means necessary to accommodate release while reasonably assuring the defendant's court appearance and community safety. § 3142(c)(1)(B) lists thirteen not all inclusive, specific conditions for release.

## IV. DISCUSSION.

As required, Mr. Costianes shows herein clear and convincing evidence that he is not a flight risk or danger to anyone as required in conjunction with 18 U.S.C. § 3142(b) or (c), and 18 USCS § 3143(a)(1). His appeal brief has yet to be filed since the schedule was stayed for actions by this Court. The appeal was never for the purpose of delay, was planned to address substantial questions of law, and given that the Rule 48(a) motion was granted, will result in a reversal and end of his sentence as required in § 3143 (b)(1)(A)-(B) above. Because he meets all the criterial, Mr. Costianes should immediately be released.

A. **The Evidence is Clear and Convincing that Mr. Costianes is Not Likely to Flee if Released Under 18 USCS § 3142(b) or (c).**

There are no set factors to consider in this category about flight risk, but the ones normally considered by courts are discussed as follows:

Mr. Costianes was never previously assessed by the Government or Court to be a flight risk. As such, the Government previously ceded a flight risk argument. The sentence imposed of 1 year and a day does not support an argument or presumption that a lengthy sentence would cause him to flee. Mr. Costianes' never made any plans to flee, such as caching money. He

has no money because he expended all his savings paying legal fees to former attorneys and then bills after losing his employment. He has no oversees accounts, connections, or support network to aid in flight. He is deeply rooted with a community of friends, family, and a support network, as shown in the letters of support and character references prior to his sentencing. (ECF No. 90-1). Prior to his incarceration, he provided care for his ill, older sister. She is now in hospice care. He desperately wants to see her and would never go anywhere voluntarily where he was unable to visit her. With his felony conviction overturned, Mr. Costianes, who had been employed for his entire adult life, can seek reemployment in the sales fields that he exceled in. And most significantly, Mr. Costianes was present for all Court proceedings and was allowed to and did self-surrender as ordered. The clear and convincing evidence is that nothing has changed in any way to make him a flight risk, and no evidence exists to even infer he might be a flight risk. Having served 4 months of his sentence where the remainder is subject to vacatur within 42 days, Mr. Costianes remains sane and would not give cause for new charges and more prison time.

Because the above is clear and convincing evidence that Mr. Costianes is not a flight risk, he meets this prong of the decision factors and should be released now pending appeal.

B. **The Evidence is Clear and Convincing that Mr. Costianes Does Not Pose a Danger to the Safety of any Person or the Community if Released Under 18 USCS § 3142(b) or (c).**

In this category, Mr. Costianes is being required to negate a negative, or in other words, to show by clear and convincing evidence that there is nothing to any potential assertion of dangerousness. He has no other criminal history, and no history of violence. He has never injured any person. He is an American with Christian values who loves the U.S.A. and supports the rule of law and honest law enforcement. He admitted to abusing a controlled

4

drug, where he threatened nobody but himself. He has not used any illicit drug since his arrest in February 2021. Mr. Costianes has never participated in any type of physical violence either individually or with a group. The support letters at ECF No. 90-1 show that those who know Mr. Costianes confirm he is not a danger to others. They do not approve of drugs and recognized his poor judgment and mistake in seeking escape from pain and trauma. They still noted that he threatens nobody. He cleaned up his lifestyle.

The Government had no particularized evidence of Mr. Costianes presenting a dangerous threat to any person or group at present or ever. His release for over 3 years shows that he poses no danger. The Government indicated that it does not presently seek detention on this factor or any other. Because there never was and is no evidence that Mr. Costianes credibly poses a physical threat to anyone, that is clear and convincing evidence that he should be released. If the Court is concerned about drugs, it can order drug testing during the stay period as a release condition.

## C. Mr. Costianes' Appeal Contains a Substantial Issue of Law that Will Result in Reversal.

This Court's grant of the Government's Rule 48(a) motion overturns the convictions and ends the sentence. The Court's desire for the 4th Circuit to review that order (albeit with no controversy by either party) concerns a substantial question of law as previously noted in ECF No. 171 at 5-11. The other issues for appeal have not yet been briefed and are thus not argued here.

This decision criteria for release is met here because the Government presented the Rule 48(a) motion, this Court granted it, and the holding overturns the conviction. Further, given the Rule 48(a) Grant and the Circuit's remand to review applicability of the pardon, the entire appeal brief schedule was stayed. If the appeal were to proceed, the brief schedule will exceed 5 months once re-started. Release should be ordered by the Court now rather than being effective in ~42

days because under (b)(1)(A)(iv) there is a reduced sentence to a term of imprisonment less than the total of the time already served [which is about 119 days] plus the expected duration of the appeal process.

### D. Mr. Costianes Did Not Intend to Infer the Appeals Court No Longer Had Jurisdiction.

In his motion he wrote, "The 4th Circuit's remand gave this Court unlimited jurisdiction to decide the Rule 48(a) Motion previously submitted in ECF No. 170, while also separately deciding whether the President's J6 Pardon applies." ECF No. 185 at 1. The Motion then stated, "The limited Remand shown in ECF No. 176 and USCA ECF No.40-1 did not retain any jurisdiction at Circuit or provide any restriction at this District level for a decision on the Rule 48(a) Motion." *Id*. at 2. The statement should have emphasized the intended operative words "for a decision". Undersigned never meant to imply that the 4th Circuit did not retain jurisdiction on the appeal since the Court was specific in writing that it retained overall jurisdiction of the appeal.

Had this Court not granted the Rule 48(a) Motion, certainly that could have been appealed. However, had the 4th Circuit not retained overall appeal jurisdiction, then technically the Rule 48(a) could not have been granted since without the active appeal the case would have been finally decided, where with no appeal the conviction would be final. But the undersigned saw no restriction placed on this Court to give effect to a Rule 48(a) order since it was given back jurisdiction for deciding the Rule 48(a) Motion (which cannot be invoked to overturn a conviction or sentence at a circuit court outside of an appeal on the district ruling). This Court was asked to render a separate opinion on whether the January 6th Pardon Proclamation applied.

Since a Rule 48(a) Motion may only be filed at district court, and the appellate level will only review if an appellant appeals the ruling, the undersigned presumed that the process used in the 11th Circuit and its Florida Middle District would apply, since the same type of limited remand

6

was issued there. Subsequently in 8:21-cr-00348-SDM-SPF Document 379 filed on April 2, 2025, the Florida Middle District granted the Rule 48(a) Motion – without any stay. Then Appellant Brown filed USCA11 Case: 23-11146 Document: 79 on April 3, 2025, as an Unopposed Motion to Moot the Appeal. That was the document that the 11th Circuit reviewed prior to mooting the appeal.

This seemed to be the process where the Rule 48(a) Order (which the Government cannot appeal by settled caselaw[1]) would not be extinguished since the appeal should not be mooted before the Rule 48(a) goes into effect. It would appear the appeal cannot be mooted without a motion by the appellant, which motion should not be submitted until the Rule 48(a) goes into effect. Therefore, since it appeared that Mr. Costianes must wait for the stay to run so as not to extinguish the appeal prior to the effect of the Granted Rule 48(a) in his case, it seemed fair and just that he should be released in that interim period. Undersigned apologizes if any other meaning was unintentionally conveyed in the motion (that was prepared in a very short time period to raise the emergency issue with this Court) about the overall appeal jurisdiction remaining with the 4th Circuit.

---

[1] "It is long settled that a party may not seek appellate review when it has itself sought and obtained entry of a judgment against it, unless it does so solely as a device by which to obtain immediate appellate review of an interlocutory order. E.g., *United States v. Procter & Gamble Co.*, 356 U.S. 677, 680-681 (1958); *United States v. Babbitt*, 104 U.S. 767 (1882); *Evans v. Phillips*, 4 Wheat. 73 (1819)." *United States v. Villamonte-Marquez*, 462 U.S. 579, 594 (1983)(J. Brennan and Marshall dissenting). "Once the indictment is dismissed, 'the prosecution shall thereupon terminate.' This prosecution has terminated, and this Court is entirely without power to revive it, or the convictions or sentences that arose out of it and died with it." *United States v. Villamonte-Marquez*, 462 U.S. 579, 598 (1983). "In *Pacific Railroad v. Ketchum* (101 U.S. 289), we decided that when a decree was rendered by consent, no errors would be considered here on an appeal which were in law waived by such a consent." *United States v. Babbitt*, 104 U.S. 767, 768 (1881).

## V. CONCLUSION.

Release is warranted in this case. Mr. Costianes showed by clear and convincing evidence that he meets the criteria for release pending appeal. First, there has never been any argument or evidence that Mr. Costianes is a risk of flight. Second, the evidence is clear and convincing that Mr. Costianes never posed and will not pose a concrete, continuing danger to any other person or the community. The appeal is ongoing, is not for delay, and the sentence will be overturned after the stay of the Rule 48(a) Order.

WHEREFORE, having met the release criteria and for good cause shown, Mr. Costianes respectfully requests that this Court immediately release him from custody on his own recognizance. If the Court sees fit to impose restrictions, it should consider not restricting him from travel to visit his gravely ill sister who is in hospice in Williamsburg, Virginia; or from reestablishing employment in the region of Maryland, Virginia, and West Virginia wherever opportunity presents itself for him to fully rejoin society as a contributing member at his potential.

Dated June 10, 2025                           Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 10th day of JUNE 2025, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.